UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

FAITH C. BYRD,

                       Plaintiff,

v.                                                                                      Civil Action No._____

ROBERT JAMES & ASSOCIATES, INC.,
ROBERT JAMES & ASSOCIATES ASSET
MANAGEMENT, INC.

                       Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as "FDCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper is this District under 28 U.S.C. § 1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Faith C. Byrd, Plaintiff, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

5. Defendant Robert James & Associates, Inc. is a New York State domestic business corporation, and is a debt collector as defined by 15 U.S.C. § 1692a(6). The New York State Department of State indicates a registered address for service of process as Robert James & Associates, Inc., 475 Ellicott Street, Apt. 401, Buffalo, New York 14203.

6. Defendant Robert James & Associates Asset Management, Inc. is a New York State domestic business corporation, and is a debt collector as defined by 15 U.S.C. § 1692a(6). The New York State Department of State indicates a registered address for service of process as Robert James & Associates Asset Management, Inc., 266 Elmwood Avenue, Suite 369, Buffalo, New York 14222.

7. Defendants regularly attempt to collect debt alleged to be due to another.

8. The acts of the Defendants alleged in this Complaint were performed by its employees acting within the scope of actual or apparent authority.

9. All references to "Defendants" shall mean the Defendants or an employee of the Defendants.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff incurred a consumer debt when a payday loan with PAC Management Group was originated in or about October 2011.

11. The approximate amount of the subject debt is $300.00.

12. The payday loan proceeds were primarily used for personal, family, or household purposes and the associated debt is, therefore, a "debt" as that term is defined by 15. U.S.C. § 1692a(5).

13. Subsequent to the origination of the subject debt, a payment default occurred.

14. Thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

15. Beginning on or about November 29, 2011, the Defendants began contacting the Plaintiff via telephone.

16. Plaintiff failed to, within five days of initial communication, provide the Plaintiff with written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, a statement of the right to dispute the debt, a statement advising that, if disputed, the collector will obtain verification of the debt, and a statement advising of the Plaintiff's right to request information pertaining to the original creditor.

17. In or about December 2011, Defendant contacted the Plaintiff in connection with the collection of a debt.  An employee of the Defendants initiated the telephone call, which was subsequently transferred to a manager.

18. Defendant's manager represented on the telephone that it was a neutral arbitrator trying to settle the matter voluntarily prior to the issuance of a summons and commencement of a wage garnishment.

19. Defendant indicated that, if the Plaintiff was not interested in "voluntary arbitration," that it would need a time and location to contact the Plaintiff's employer "in reference to your wage assignment that you agreed to…" and that a summons would be issued for a case to be heard in Erie County Court.

20. Defendant then indicated that it was not a collection agency, that it was not "the one suing you," and claimed that they are merely an arbitrator.

21. When the Plaintiff inquired as to the supposed legal proceeding, the Defendant replied by telling the Plaintiff "now you are trying to insult me….I'm letting you know about a legal matter."

22. Defendant repeatedly threatened legal action that was never intended.

23. Defendant lied and mislead the Plaintiff into thinking it was not a debt collector.

## CAUSE OF ACTION

24. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of the caller's identity;

   B. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692e(14) by using false, deceptive, and misleading representations in connection with the collection of a debt;

   C. Defendant violated 15 U.S.C. § 1692g by failing to provide required written notices.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

## V.  JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  January 4, 2012

s/ Brad J. Davidzik
Brad J. Davidzik, Esq.
Attorney for Plaintiff
Jeffrey Freedman Attorneys at Law
424 Main Street, Suite 622
Buffalo, New York 14202
(716) 856-7091
Email: bdavidzik@jeffreyfreedman.com